AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT

3/31/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KM _____ DEPTUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

03/31/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KL _____ DEPUTY

United States of America

v.

Johnny Navarro,

Defendant.

Case No.   2:26-mj-01863-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Brandon Purece, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of February 28, 2026, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Brandon Purece*
_____
*Complainant's signature*

Brandon Purece, Task Force Officer
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date:   March 31, 2026
_____

*Judge's signature*

City and state:   Los Angeles, California

The Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
_____
*Printed name and title*

AUSA: Eric L. Mackie x3289

## AFFIDAVIT

I, Brandon Purece, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of a criminal complaint and arrest warrant against Johnny NAVARRO, ("NAVARRO") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.  The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel, law enforcement reports, and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. BACKGROUND OF AFFIANT

3.  I am employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, as a Task Force Officer, ("TFO").  I have been employed in this capacity for approximately three years.  I am also a Police Officer with Los Angeles Police Department, ("LAPD") and have been employed in this capacity for approximately 30 years. I am currently assigned to LAPD's Metropolitan Division Crime Impact Team, ATF Task Force, Los Angeles Field Division.  Within

this Task Force, I am charged with investigating violations of federal and local firearms laws and regulations in addition to investigating violent crime, locating and apprehending suspects in violation of these laws, and utilizing proactive methods to reduce the incidence of violent crime.  I regularly refer to these laws and regulations during the course of my official duties.

4.    I am a graduate of the Los Angeles Police Academy and have completed specialized training while employed as a Police Officer and Task Force Officer.  Prior to my assignment within this task force, I worked numerous assignments to include, Patrol Officer, Gang Enforcement Officer in multiple geographic divisions, Task Force Officer with the Federal Bureau of Investigation and Metropolitan Division Officer.  During my employment with the LAPD and ATF, I have participated in numerous investigations involving individuals illegally possessing and/or trafficking firearms.  Furthermore, I have participated in investigations involving criminal street gangs engaged in the aforementioned criminal activities.

### III.  STATEMENT OF PROBABLE CAUSE

5.    Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.    NAVARRO Possesses Two Loaded Firearms When Arrested on February 28, 2026.**

6.    According to their report, on February 28, 2026, at approximately 4:35 a.m., Los Angeles Police Department ("LAPD")

2

Officers Vasquez and Rincon were patrolling the area around 15th Street and Alameda Street in Los Angeles, California. While in the area, the officers saw a 2019 Cadillac XT5 bearing California license plate 9LAJ698 (the "Cadillac") parked in a strip mall at 1530 S. Alameda Street, Los Angeles, California. The officers saw two occupants inside the parked car.  The officers stopped nearby and walked up to the Cadillac to make contact with the occupants.

7.    Officer Vasquez approached the Cadillac's passenger side and saw the front passenger's window down.  A female, later identified as Alejandra CABANILLAS, was seated in the front passenger seat.  The officers saw NAVARRO seated in the driver's seat.  When Officer Vasquez got to the passenger side window and began to speak with the occupants, he noticed a glass pipe in the center console.  Officer Vasquez recognized the pipe to be commonly used for ingesting methamphetamine and a violation of California Health and Safety Code Section 11364.

8.    Officer Vasquez and Officer Rincon ordered NAVARRO and CABANILLAS to exit the Cadillac.  NAVARRO refused to exit.  The officers gave multiple orders for NAVARRO to exit the car. NAVARRO refused and said that the Cadillac belonged to his girlfriend.  Due to NAVARRO's repeated refusals to exit or comply with the officers' orders, Officers Rincon and Vasquez requested additional officers respond to their location to assist.

9.    LAPD Officers Bender and Ordaz responded to the request.  Upon their arrival, Officer Bender walked to the

3

Cadillac's passenger side while Officer Ordaz walked to the driver's side.  After nearly six minutes of ordering NAVARRO to exit, Officer Vasquez was able to reach in the open passenger window and unlock the doors of the Cadillac.  Officer Rincon and Officer Ordaz opened the driver's door, grabbed NAVARRO, and removed him from the Cadillac.

10. Officer Rincon began a pat down search of NAVARRO and felt what he immediately recognized to be a firearm in NAVARRO's front waistband.  Officer Rincon then removed a Glock, model 43x, 9mm semi-automatic pistol, bearing serial number BWDF170, from a holster in NAVARRO's waistband.  The pistol had a seated magazine and was loaded with nine 9mm caliber rounds of ammunition.

11. While Officer Rincon and Officer Ordaz removed NAVARRO from the vehicle, Officer Vasquez walked to the driver's side to assist.  As the officers were handcuffing and searching NAVARRO, Officer Vasquez focused on CABANILLAS, who was still in the Cadillac.  As he was doing so, Officer Vasquez saw another firearm lying on the driver's side floorboard inside of a black holster.  After other officers removed CABANILLAS from the Cadillac, Officer Vasquez recovered a pistol from the driver's floorboard.  The firearm was a Smith & Wesson, model M&P 9 Shield, 9mm semi-automatic pistol.  The pistol had a seated magazine and was loaded with three 9mm caliber rounds of ammunition.

12. During a search of NAVARRO at scene, Officer Ordaz recovered five 9mm caliber rounds of ammunition from NAVARRO's pants pocket.

13. A later check of the firearms revealed the Glock pistol had been reported stolen.  The Smith & Wesson pistol was registered to Raquel MUNOZ, who was also the registered owner of the Cadillac.

### B.    NAVARRO Denies Owning the Recovered Firearms

14. While at scene, Officer Vasquez read NAVARRO his Miranda rights.  NAVARRO waived his rights. NAVARRO denied that the firearms were his but said that they belonged to his girlfriend.

### C.    MUNOZ Responds to LAPD Newton Division

15. Later in the morning of February 28, 2026, MUNOZ went to the front desk at LAPD Newton Station and spoke to Officer Vasquez.  MUNOZ identified NAVARRO as her boyfriend.  MUNOZ admitted that she and NAVARRO had gone to dinner the night prior and she left her pistol in the car.  She said that after dinner, NAVARRO dropped her off and he left with the vehicle with the pistol in it.

### D.    NAVARRO's Criminal History

16. I reviewed certified conviction documents for Johnny NAVARRO and learned that NAVARRO has previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

      a.    Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11377, in

the Superior Court for the State of California, County of Los Angeles, Case Number 0WH03429, on or about July 7, 2003;

b.   Receiving Stolen Property, in violation of California Penal Code Section 496, in the Superior Court for the State of California, County of Los Angeles, Case Number BA325394, on or about July 26, 2007;

c.   Possession of Narcotics and a Firearm, in violation of California Health & Safety Code Section 11370.1, in the Superior Court for the State of California, County of Los Angeles, Case Number BA375562, on or about September 21, 2010;

d.   Possession of Narcotics for Sales, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA392859, on or about May 17, 2012;

e.   Possession of Narcotics for Sales, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number KA110712, on or about January 22, 2016;

f.   Sales of Narcotics, in violation of California Health & Safety Code Section 11379, in the Superior Court for the State of California, County of Los Angeles, Case Number KA110639, on or about January 22, 2016;

g.   Possession of Narcotics and a Firearm, in violation of California Health & Safety Code Section 11370.1, in the Superior Court for the State of California, County of Los Angeles, Case Number BA467285, on or about May 16, 2018;

h.    Possession of Narcotics and a Firearm, in violation of California Health & Safety Code Section 11370.1, in the Superior Court for the State of California, County of Los Angeles, Case Number GA102801, on or about May 23, 2018;

i.    Possession of Narcotics for Sales, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA482790, on or about November 27, 2019;

j.    Felon in Possession of a Firearm, in violation of California Penal Code Section 29800, in the Superior Court for the State of California, County of Los Angeles, Case Number BA501073, on or about December 1, 2021;

k.    Driving Without Owner's Consent, in violation of California Vehicle Code Section 10851, in the Superior Court for the State of California, County of Los Angeles, Case Number BA488281, on or about December 3, 2021;

l.    Felon in Possession of Ammunition, in violation of California Penal Code Section 30305, in the Superior Court for the State of California, County of Los Angeles, Case Number VA155047, on or about December 14, 2021.

E.    **Each Firearm Traveled through Interstate and/or Foreign Commerce**

17. On March 11, 2026, an ATF Interstate Nexus Expert examined both recovered firearms and confirmed that the both were manufactured outside of the State of California.  Because the firearms were found in California, both traveled in and affected interstate and/or foreign commerce.

7

## IV. CONCLUSION

18. For all of the reasons described above, there is probable cause to believe that Johnny NAVARRO has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 31st day of
March, 2025.

_Alicia G. Rosenberg_

_____
THE HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

8